# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CONN and COLIN HOWARD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:07CV01561 ERW |
| ST. CHARLES COUNTY JAIL, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motions to proceed in forma pauperis and for review of plaintiffs' complaint pursuant to 28 U.S.C. § 1915(e). Upon review, the Court finds that the complaint fails to state a claim upon which relief can be granted and that it should be dismissed prior to service of process.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After

payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff Conn has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Conn's account indicates an average monthly deposit of $38.93, and an average monthly balance of $0.00. Conn has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $7.79, which is 20 percent of Conn's average monthly deposit.

Plaintiff Howard has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Howard's account indicates an average monthly deposit of $48.33, and an average monthly balance of $8.58. Howard has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.67, which is 20 percent of Howard's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiffs, inmates at St. Charles County Jail, bring this action under 42 U.S.C. § 1983 for alleged unconstitutional conditions of confinement. Named as defendants are St. Charles County Jail, Unknown Smith (Correctional Officer), and Unknown Baker (same). The complaint seeks monetary and injunctive relief.

Plaintiffs allege that they were assigned to the same cell for several weeks. Plaintiffs state that on July 2, 2007, they were assigned to separate cells in separate housing units. Conn claims that he asked defendant Smith why he was separated from Howard and Smith replied, "We never should have placed you and Howard together to start with. That was our mistake, placing two of your kind together." Plaintiffs state that Baker falsely told them that there was an order of separation for plaintiffs. Plaintiffs maintain that they are both homosexual and that the reason for the reassignment was discrimination based on their sexual orientation.

Plaintiffs further allege that they are not allowed to receive newspapers or books from visitors or by mail. Plaintiffs do not allege, however, that they are not allowed to have books or newspapers. Nor do plaintiffs state which books or newspapers they were unable to receive.

## Discussion

Plaintiffs' claim for discriminatory cell assignment fails to state a claim under 42 U.S.C. § 1983 because it does not rise to the level of a constitutional violation. Prisoners do not have a constitutional right to be housed with a cellmate of their choice. Cell assignments are matters of prison administration within the discretion of state authorities. E.g., Bell v. Wolfish, 441 U.S. 520, 540 n. 23 (1979).

Plaintiffs' claim for denial of reading materials also fails to rise to the level of a constitutional violation. Plaintiffs have not alleged that they do not have access to books or newspapers. Rather, plaintiffs complain about the manner in which books and newspapers are distributed throughout the jail. This is also a matter of prison administration within the discretion of state authorities. As a result, the complaint will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Conn's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Howard's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff Conn shall pay an initial filing fee of $7.79 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the plaintiff Howard shall pay an initial filing fee of $9.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and

to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

So Ordered this 11th Day of October, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE